# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Pruitt v. Pruitt*, 2013 IL App (1st) 130032

---

| | |
|---|---|
| Appellate Court Caption | RUSSELL PRUITT, Petitioner-Appellant, v. STEPHANIE PRUITT and PATRICK BARRETT, Respondents-Appellees. |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-0032 |
| Filed | August 2, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The petition to establish grandparent visitation filed by the maternal grandfather of respondents' child was properly dismissed on the ground that the grandfather failed to sustain his burden of establishing that respondents' claim that they were living together was unfounded or required the resolution of an essential element of material fact before it could be proven. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-D-8451; the Hon. Carole K. Bellows, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Goldberg Law Group, LLC., of Chicago (Michael K. Goldberg, of counsel), for appellant. |
|---|---|
| | Schiffman & Jacobs, P.C., of Highland Park (Reena Schiffman and C. Corey S. Berman, of counsel), for appellees. |
| Panel | JUSTICE PALMER delivered the judgment of the court, with opinion. Justices Howse and Taylor concurred in the judgment and opinion. |

## OPINION

¶ 1     Petitioner Russell Pruitt is the maternal grandfather of B.B., a minor child born on October 5, 2010. On September 5, 2012, Russell filed a petition to establish grandparent visitation pursuant to section 607(a-3) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/607(a-3) (West 2012)), commonly referred to as the grandparent visitation statute. Respondents Stephanie Pruitt and Patrick Barrett, B.B.'s unmarried parents, responded with a motion to strike and dismiss the petition pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(9) (West 2012)). The court granted respondents' motion to dismiss. Russell appeals the dismissal of his petition for grandparent visitation. We affirm.

¶ 2                              BACKGROUND

¶ 3     Russell's petition alleged, *inter alia*, that from August 2010 until July 2012, Stephanie and B.B., upon B.B's birth, resided in Russell's household with him, his wife and his minor children. During this time, Russell and his family provided supervision and care as well as food, clothing and other support for B.B. and Stephanie. The petition further alleged that no order of parentage, support or visitation had been entered. The remainder of the petition, in essence, alleged that, despite Russell's attempts, he had been unable to negotiate a reasonable visitation schedule with respondents, to the detriment of B.B.'s mental, physical and emotional health.[1]

¶ 4     Russell's attempt to serve his petition upon both Stephanie and Patrick through the Cook

---

[1] The rather sparse petition failed to allege that Russell is a grandparent at all, but that fact was established by affidavit in his response to the motion to strike and dismiss. Further, the fact that B.B. was born out of wedlock, a fact Russell relied upon along with his allegation that respondents were not living together, was also missing from the petition. However, while respondents denied the allegation that they do not live together, they admitted that B.B. was born out of wedlock in their motion to strike and dismiss the petition.

County sheriff was unsuccessful. The sheriff's returns of service show that service was attempted at 1508 West Euclid Avenue, Arlington Heights, Illinois, on September 7, 2012, and that neither respondent was served. The officer who completed the returns of service added the notation, "Peggy Heimann states def. does not live at listed address" to each return.[2]

¶ 5 Subsequently, Russell was able to obtain service on respondents by special process server and sworn affidavits of service were filed with the court. One affidavit of service showed that Stephanie was personally served at the Euclid Avenue address on October 2, 2012. The other affidavit of service showed that Patrick was served by abode service at the same address, as follows:

"By leaving a copy at his/her usual place of abode with Stephanie Pruitt, a member of the household of the age of 13 years or upwards and informed that person of the contents thereof on October 02, 2012, and further mailed a copy of said documents in a sealed envelope with postage prepaid addressed to the defendant, Patrick Barrett, at his/her usual place of abode on October 03, 2012."

¶ 6 Respondents moved to dismiss the petition for grandparent visitation pursuant to section 2-619(a)(9). The gist of their motion to dismiss was that Russell's petition failed to satisfy any of the conditions precedent for allowing a grandparent to file a petition for visitation as set forth in section 607(a-5)(1) of the grandparent visitation statute (750 ILCS 5/607(a-5)(1) (West 2012)). Attached to the motion were the sworn affidavits of both respondents stating, as relevant to this appeal, that B.B. was born out of wedlock and respondents were living together at the Euclid Avenue address.[3]

¶ 7 On November 19, 2012, the trial court entered an order giving Russell an opportunity to respond to the motion to dismiss. The order further provided that, upon receiving the response, the court would determine if an evidentiary hearing was necessary.

¶ 8 On November 21, 2012, Russell filed his response. As pertinent to this appeal, Russell admitted that B.B. was born out of wedlock but denied that respondents lived together at "the stated address." He further alleged, "that the Cook County Sheriff was advised by the owner that the Respondents did not live at said address *** and that any contact with Respondents at said address has been after advance notice to them."

¶ 9 In the sworn affidavit that accompanied Russell's response, he stated the following:

"9. I do not know if my daughter is living with Patrick, someone else or somewhere

---

[2]Apparently as a result of mistakes in drafting, one return of service incorrectly listed Russell as both the defendant and the plaintiff and the other return incorrectly listed Russell as the defendant and Patrick as the plaintiff. The summons, however, correctly reflected that Stephanie and Patrick were the respondents that were the subject of the attempted service. We will assume that the sheriff attempted to serve Stephanie and Patrick.

[3]In their affidavits, respondents also swore that they were the biological parents of B.B., were alive, had not been declared incompetent and had not been incarcerated in jail or prison during the three-month period preceding the filing of the petition.

else, but when I engaged the Cook County Sheriff to serve this petition on Stephanie and Patrick at the only address I knew ([the Euclid Avenue address]), the sheriff's deputy was told they did not reside there.

10. Stephanie was served with this petition outside of the [Euclid Avenue] address after a special process server located her vehicle.

11. I do not believe that Stephanie and Patrick are living together and caring for [B.B.] as contemplated in the statute."

¶ 10    On the same date that Russell filed his response, the trial court entered an order that indicated that the parties were not present but were represented by counsel and that it had reviewed the pleadings and found no need for an evidentiary hearing. The order provided that the motion to dismiss was granted, the court finding that "Russell has no standing pursuant to 750 ILCS 5/607 et al."[4] The order further provided that respondents were granted 28 days to file a fee petition. However, the record does not indicate that such a petition was ever filed in the trial court. No report of proceedings pursuant to Illinois Supreme Court Rule 323 (eff. Dec. 13, 2005) has been filed with this court with respect to the trial court's November 21, 2012, ruling.

¶ 11                                    ANALYSIS

¶ 12    On appeal, Russell claims that the trial court erred in granting respondents' motion to dismiss pursuant to section 2-619(a)(9) without first holding an evidentiary hearing on the issue of his standing to pursue grandparent visitation. The grandparent visitation statute provides that "[g]randparents, great-grandparents, and siblings of a minor child, who is one year old or older, have standing to bring an action in circuit court by petition, requesting visitation in accordance with" its provisions. 750 ILCS 5/607(a-3) (West 2012). However, the statute further provides, in pertinent part:

"any grandparent, great-grandparent, or sibling may file a petition for visitation rights to a minor child if there is an unreasonable denial of visitation by a parent and at least one of the following conditions exists:

* * *

(D) the child is born out of wedlock, the parents are not living together, and the petitioner is a maternal grandparent, great-grandparent, or sibling of the child born out of wedlock[.]" 750 ILCS 5/607(a-5)(1)(D) (West 2012).

Russell claims that the pleadings and accompanying exhibits raised a disputed issue of fact precluding a dismissal under section 2-619(a)(9) and requiring an evidentiary hearing on the

---

[4]While the trial court's order specified that the dismissal was as a result of lack of standing, we agree with respondents that the dismissal is more appropriately characterized as a result of the cause of action being barred for failure to satisfy a statutory condition. Standing is conferred on a grandparent seeking visitation by section 607(a-3) of the grandparent visitation statute. 750 ILCS 5/607(a-3) (West 2012). We may affirm the lower court on any basis in the record. *In re Estate of Funk*, 221 Ill. 2d 30, 86 (2006).

question of whether respondents were living together.

¶ 13 "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation." *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Specifically, section 2-619(a)(9) permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2012); *Van Meter*, 207 Ill. 2d at 367. An "affirmative matter" in a section 2-619(a)(9) motion is "something in the nature of a defense" which, although the moving party admits the legal sufficiency of the complaint, negates the cause of action completely. (Internal quotation marks omitted.) *Van Meter*, 207 Ill. 2d at 367.

¶ 14 For purposes of a section 2-619(a)(9) motion to dismiss, the defendant bears the initial burden to prove the affirmative matter defeating the plaintiff's claim. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). "The 'affirmative matter' asserted by the defendant must be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials." *Epstein*, 178 Ill. 2d at 383.

"Once a defendant satisfies this initial burden of going forward on the section 2-619(a)(9) motion to dismiss, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is 'unfounded or requires the resolution of an essential element of material fact before it is proven.' " *Epstein*, 178 Ill. 2d at 383 (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993)).

"The plaintiff may establish this by presenting 'affidavits or other proof.' " *Epstein*, 178 Ill. 2d at 383 (quoting 735 ILCS 5/2-619(c) (West 1992)). We review a section 2-619 dismissal *de novo*. *Van Meter*, 207 Ill. 2d at 368.

¶ 15 Affidavits in connection with motions under section 2-619 are controlled by Illinois Supreme Court Rule 191 (Ill. S. Ct. R. 191 (eff. Jan. 4, 2013)). Rule 191(a) provides:

"[A]ffidavits submitted in connection with a motion for involuntary dismissal under section 2-619 *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013).

¶ 16 Respondents' sworn affidavits averring that they live together provide the necessary affirmative matter that could defeat Russell's section 607(a-5)(1)(D) claim for visitation. The affidavits state facts within the personal knowledge of each respondent and otherwise fully comport with the requirements of Rule 191. As a result, respondents satisfied their burden of going forward on the section 2-619 motion to dismiss.

¶ 17 The burden then shifted to Russell to establish that the affirmative matter asserted by respondents was either unfounded or required the resolution of an essential element of material fact before it could be proven. *Epstein*, 178 Ill. 2d at 383. Russell attempts to prevent dismissal of his claim by relying on his affidavit and the Cook County sheriff's returns of service to show that respondents do not live together. These submissions are not

competent evidence pursuant to Rule 191.

¶ 18    In his affidavit, Russell admitted in paragraph 9 that he did not know whether respondents were living together. Such an admission, absent any other evidence that respondents were not living together, would generally end the inquiry. Russell follows this statement with his contention in paragraph 11 that he does not believe respondents are living together. A statement of belief is certainly not a statement made on the basis of personal knowledge but rather is a conclusion that is not competent evidence under Rule 191. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 132 (1992).

¶ 19    Russell also relies on the statement in paragraph 9 of his affidavit that a sheriff's deputy was told by Peggy Heimann that respondents did not live at the Euclid Avenue address where he attempted to serve them as well as on the return of service forms he attached as an exhibit to his response. Russell's reliance on this information is misplaced for several reasons.

¶ 20    First, it is hearsay upon hearsay. The returns of service filed by the deputy sheriff are not sworn to or certified pursuant to section 1-109 of the Code (735 ILCS 5/1-109 (West 2012)).[5] They, therefore, cannot stand alone as admissible evidence. Additionally, this is information that was told to the deputy by someone else and is, therefore, double hearsay. Even if we were to consider the deputy sheriff as an affiant, Heimann's statement would not be admissible through him due to the extra step of hearsay. Absent some exception to the hearsay rule, hearsay statements obviously do not comport with Rule 191's requirement that the witness be competent to testify to the facts averred. A Rule 191 affidavit based on hearsay is inadmissable and insufficient to warrant relief. *State ex rel. Beeler, Schad & Diamond, P.C. v. Target Corp.*, 367 Ill. App. 3d 860, 874 (2006); see generally Ill. R. Evid. 801 (eff. Jan. 1, 2011); see also Ill. R. Evid. 805 (eff. Jan. 1, 2011) ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules.").

¶ 21    Second, Russell's reliance on Heimann's alleged statements to the deputy sheriff is misplaced as, even if admissible, the statements do not prove what he needs to prove in the face of respondents' affidavits. The return of service for Patrick and separate return of service for Stephanie contain the same statement: "Peggy Heimann states def. does not live at listed address." The sheriff was unable to effectuate service at the Euclid Avenue address because the serving officer was told neither respondent lived there. However, the fact that respondents do not live there does not mean that they are not living together, which is the fact that Russell needed to negate.

---

[5]Although the exhibit contains the words "I certify," it does not in any other way comport with section 1-109, which provides:

"The person or persons having knowledge of the matters stated in a pleading, affidavit or other document certified in accordance with this Section shall subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." 735 ILCS 5/1-109 (West 2012).

¶ 22 For the foregoing reasons, Russell's affidavit and the sheriff's returns of service are not competent evidence pursuant to Rule 191. Accordingly, Russell has failed to establish a contested issue of fact that would have precluded dismissal of his claim and the trial court correctly granted respondents' motion to dismiss pursuant to section 2-619(a)(9) without an evidentiary hearing.

¶ 23 Additionally, we note that Russell is in the unique position of claiming that the respondents do not live together on Euclid Avenue while simultaneously claiming that they do. Service by the sheriff on Euclid Avenue was unsuccessful. Russell relies heavily on the notations on the returns of service reflecting that Heimann stated that respondents do not live at the Euclid Avenue address. In order to effectuate service, Russell then received permission to cause an alias summons to issue as to each respondent and to serve the same through a special process server. An affidavit of service filed with the court shows that personal service was effectuated on Stephanie at the Euclid Avenue address. A second affidavit of service filed with the court shows that Patrick was served at the same Euclid Avenue address by abode service:

> "[b]y leaving a copy at his/her usual place of abode with Stephanie Pruitt, a member of the household of the age of 13 years or upwards and informed that person of the contents thereof on October 02, 2012, and further mailed a copy of said documents in a sealed envelope with postage prepaid addressed to the defendant, Patrick Barrett, at his/her usual place of abode on October 03, 2012."[6]

¶ 24 As a result, in order to obtain personal jurisdiction over Patrick, Russell has taken the position in his own filings that Patrick's usual place of abode is at the Euclid Avenue address and that Stephanie is also a member of that household. Russell has, therefore, essentially admitted that respondents live together, the very fact that he needed to negate.

¶ 25 Respondents have asked this court to assess sanctions pursuant to Illinois Supreme Court Rule 375 and have sought an award of their reasonable attorney fees. Rule 375 provides that sanctions may be appropriate where we determine that an appeal "is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). In support of respondents' request, they contend that Russell offered the trial court no admissible facts to support his contention that they were not living together, *i.e.*, to support his basis for seeking reasonable visitation, and his appeal was frivolous. Russell counters that, as he had a reasonable belief that respondents were not living together, he had a good-faith argument that he had a right to an evidentiary hearing on

---

[6]Section 2-203(a) of the Code provides in relevant part:

"Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode ***." 735 ILCS 5/2-203(a) (West 2012).

the issue. He further posits that there is no evidence that his appeal was intended to delay, harass or cause needless expense.

¶ 26     We note that respondents were given leave to file a fee petition in the trial court and could have done so pursuant to Illinois Supreme Court Rule 137. They did not do so.[7] While we ultimately do not agree with Russell's positions on appeal, taking into consideration all the facts and circumstances of the case, we do not find that Russell's appeal was frivolous or taken in bad faith, or that it was taken for the purposes of harassment or to cause needless expense. Accordingly, respondents' request for sanctions pursuant to Rule 375 is denied.

¶ 27                                              Conclusion
¶ 28     For the reasons stated above, we affirm the decision of the trial court.

¶ 29     Affirmed.

---

[7]Rule 137 provides:

"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other [paper]; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other [paper], including a reasonable attorney fee." Ill. S. Ct. R. 137 (eff. Feb. 1, 1994).